UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,         **MEMORANDUM OF DECISION AND ORDER**
                                                  05CR0924-01(ADS)

     -against-

JAMES KENNETH HANEY

                Defendant.
----------------------------------------------------------X
**APPEARANCES**

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
        By:    Beth Patricia Schwartz, Assistant United States Attorney

**SCARING & BRISSENDEN, PLLC**
Attorneys for the Defendant, James K. Haney
666 Old Country Road, Suite 501
Garden City, NY 11530
        By:    Stephen P. Scaring, Esq.

**MURPHY, BARTOL & O'BRIEN, LLP**
Attorneys for Newborn Construction Co., Inc.
22 Jericho Turnpike, Suite 103
Mineola, NY 11501
        By:    Ernest T. Bartol, Esq.

**SPATT, District Judge:**

## I. BACKGROUND

James K. Haney ("Haney") was charged with and pleaded guilty to two counts of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 and 1349. On June 18, 2007, the Court sentenced Haney to a term of eight months imprisonment. In addition, the Court ordered Haney to pay restitution to in the sum of $326,343.20 to be paid at a rate of 10% of his gross monthly income, commencing sixty (60) days after his release from imprisonment. The sentence provided that the total amount of restitution would be joint and several among Haney and co-defendants William Louis Fehr, Jr., William Louis Fehr, Sr., John Montecalvo and Frank Gerald Schambra. On September 7, 2007, a judgment of conviction was entered in accordance with Haney's sentence.

On May 8, 2008, the government sent Information Subpoenas with Restraining Notices, and Questions and Answers in connection with the Information Subpoenas, to two entities holding retirement funds of Haney, Merrill Lynch and Newborn Construction, Inc., pursuant to N.Y. C.P.L.R. 5222(b) and 5224(a)(3). The restraining notices provide that the recipient is "forbidden to make or suffer any sale, assignment, transfer or interference with any property, in which JAMES KENNETH HANEY [] has an interest, until the judgment is satisfied or vacated." The Information Subpoenas require the recipient to identify the type and value, including account

numbers, of any property in the possession of the recipient in which Haney has an interest. In addition, the subpoenas require the recipient to identify and describe the nature of any financial, business, or other relations that it has had with Haney in the past year. At oral argument, the government clarified that the notices were intended to apply only to retirement funds held for the benefit of Haney.

Newborn Construction, Inc. ("Newborn") holds a 401K benefit plan on behalf of Haney. Newborn has moved the Court for a protective order pursuant to N.Y. C.P.L.R. 5240, vacating the Restraining Notice and quashing the Information Subpoena served on it by the government. Newborn states that the Restraining Notice and the Information Subpoena are improper and premature because while Haney remains incarcerated by the United States Bureau of Prisons his obligation to pay restitution under the Judgment has not yet accrued.

A conference was held on the matter on May 28, 2008. At the conference, counsel for Haney joined in Newborn's objections to the Restraining Notice and Information Subpoena. However, Merrill Lynch has not filed any objection or made any motion with respect to the Restraining Notice and Information Subpoena served on it by the government.

The government maintains that "[p]ursuant to 18 U.S.C. § 3613 (c), a fine or restitution is a lien in favor of the United States on all property of the person fined in the same manner as [a] tax lien and continues for 20 years or until the liability is

satisfied or terminated. . . . Thus, although the judgment does not require that the defendant begin payment immediately, the defendant's liability to pay begins upon entry of the judgment and creates a lien upon all property of the defendant." (Letter to the Court from Assistant United States Attorney Beth P. Schwartz, May 19, 2008). In addition, the government contends that the United States may enforce a restitution order in the same manner that it enforces a judgment imposing a fine and is further authorized to utilize state law enforcement tools, such as New York's restraining notices. Finally, the government notes that service of restraining notices is a practice that it uses in all fine and restitution cases and that it "will take no further enforcement action against a defendant unless there is a failure to comply with the terms of the judgment or real property is sold." *Id.* Therefore, the government contends, the issuance of restraining notices and information subpoenas in this case was appropriate.

## II. DISCUSSION

The Federal Debt Collection Procedures Act, 18 U.S.C. § 3613, provides that:

> [A]n order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated . . . .

18 U.S.C. § 3613(c) (2000). Here, the restitution order imposed upon Haney was rendered pursuant to 18 § 3663A(a)(1), which provides that "when sentencing a

4

defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . ." The offenses listed in subsection (c) are broad and encompass the crimes for which Haney was convicted. *See* § 3663A(c)(1) ("This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense - - (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."). Therefore, the Court agrees with the government that a lien in favor of the United States arose upon entry of the judgment containing the restitution order against Haney.

With respect to enforcement of such liens, § 3613 provides that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). These same enforcement options are available to the government for the enforcement of an order of restitution. 18 U.S.C. § 3613(f). The New York civil enforcement procedures found in Article 52 of the New York Civil Practice Law and Rules are often invoked by judgment creditors to secure property in aid of the enforcement of federal judgments. *See, e.g.*, *Aaron v. McIntyre*, 15 A.D.3d 475, 790 N.Y.S.2d 187 (2d Dep't 2005) (a creditor served a subpoena under N.Y. C.P.L.R. 5224 in order to collect a federal judgment).

New York C.P.L.R. 5222 dictates the use of restraining notices and provides, in pertinent part:

> A restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court . . . . It may be served upon any person, except the employer of a judgment debtor or obligor where the property sought to be restrained consists of wages or salary due or to become due to the judgment debtor or obligor.

N.Y. C.P.L.R. 5222(a) (McKinney 1997). Once served with a restraining notice, a third party holding property in which the judgment debtor has an interest " is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property . . . to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs." N.Y. C.P.L.R. 5222(b).

In addition, Article 52 provides for disclosure of "all matter relevant to the satisfaction of the judgment" via service of information subpoena on "any person." N.Y. C.P.L.R. 5223, 5224(b). "The restraining notice may . . . be used independently of other enforcement devices, to prohibit the judgment debtor from disposing of assets, thereby encouraging him to satisfy the judgment . . . . [o[r, the restraining notice may be used in conjunction with other enforcement devices, to maintain the status quo while the judgment creditor seeks a delivery, turnover, or receivership order

in what were formerly called supplementary proceedings." *Plaza Hotel Associates v. Wellington Assoc's., Inc.*, 84 Misc. 2d 777, 780, 378 N.Y.S.2d 859, 863 (Sup. Ct., New York County 1975) (internal quotations and citations omitted).

Neither Newborn nor Haney contend that the subject funds held in his 401K account are exempt from restraint or seizure. *See United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (stating that ERISA protected assets are not exempt from the court's consideration when assessing fines and restitution); *United States v. Whalen*, 459 F. Supp. 2d 800, 821–22 (E.D. Wis. 2006) (citing *Irving* and finding that the Mandatory Victim Restitution Act of 1996 (18 U.S.C. § 3613(a)) creates a statutory exemption to ERISA's anti-alienation provision); *see also Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381, 388–89 (S.D.N.Y. 2006) (noting that a 401K contribution plan qualifies as a retirement plan and is controlled by ERISA).

Further, neither the defendant nor Newborn have provided support for their position that the restraining notices were issued prematurely. In *Mohawk Leather Co., Inc. v. Marine Midland Bank, N.A.*, 125 A.D.2d 844, 509 N.Y.S.2d 952 (3d Dep't 1986), interpreting the use of this New York enforcement tool, New York's Appellate Division Third Department found that no restraining notice could issue against the property of a putative judgment debtor prior to the issuance of a judgment. *Id.* at 845, 509 N.Y.S.2d at 953. In this case, judgment has been entered against Haney and the only issue remaining for the Court's determination is whether the payments under the

joint and several restitution order should be delayed until the sentences of Haney's co-defendants have been imposed and served. Thus, a lien in favor of the United States has already attached. The Court finds that the government's use of the restraining notice procedure was in accordance with the statutory mechanism available to it and was proper in this case.

However, the Information Subpoena issued to Newborn is premature and should be quashed. First, the restitution payments have not fallen in arrears and the government has not articulated any reason to believe that Haney will become delinquent in his payments. Second, the government, by its own contention, "will take no further enforcement action against a defendant unless there is a failure to comply with the terms of the judgment or real property is sold." (Letter to the Court from Assistant United States Attorney Beth P. Schwartz, May 19, 2008); Transcript of Oral Argument, May 28, 2008, at 9 ("[The government has] no intention of attempting to garnish or take all of the assets from the accounts that have been restrained, but merely to collect the payments in the manner in which the Judge imposed it at the rate of 10 percent of the defendant's gross monthly income."). Thus, although the government's restraint on the Newborn account is proper, it has not shown a sufficiently urgent need for the information it seeks from Newborn and the Court will not impose on Newborn the burden of responding to the information subpoena.

### III. CONCLUSION

For the foregoing reasons it is hereby,

**ORDERED**, that the motion by Newborn Construction, Inc. for a protective order pursuant to N.Y. C.P.L.R. 5240 with regard to the Restraining Notice concerning Haney's 401K account is denied; and it is further

**ORDERED**, that the Information Subpoena, and Questions and Answers in connection with the Information Subpoena, served upon Newborn Construction, Inc., in connection with this matter are hereby quashed, without prejudice to renewal at a later date.

**SO ORDERED.**

Dated: Central Islip, New York

   June 4, 2008

                                                         */s/ Arthur D. Spatt*
                                                         ARTHUR D. SPATT
                                                         United States District Judge